**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE WIL QUINTEROS RAMIREZ, and JOSE HONORIO PADILLA DELGADILLO, | Case No.: 1:26-cv-03361 JLT HBK (HC) |
| Petitioners, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | (Docs. 1, 13) |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

Petitioners Jose Wil Quinteros Ramirez and Jose Honorio Padilla Delgadillo are immigrant detainees in U.S. Immigration Customs and Enforcement custody at the California City Detention Center in California City, California, proceeding pro se on their petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 25, 2026, the assigned magistrate judge issued Findings and Recommendations to grant the Petition. (Doc. 10.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within five days after service. (*Id.*) In addition, the Court "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 10-11, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir.

1

2014). No objections have been filed, and the deadline to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis, though the Court will require Respondents to comply with slightly modified procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026).

Based upon the foregoing, the Court **ORDERS**:

1.    The Findings and Recommendations issued on June 25, 2026 (Doc. 10) are **ADOPTED AS MODIFIED**.

2.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3.    **Within 48 hours of this order**, if not already accomplished, Respondents **SHALL** undertake an initial custody determination pursuant to 8 U.S.C. § 1226(a) for each Petitioner at which point they may either release Petitioner or continue his detention if deemed appropriate.

4.    Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

5.    At least 72 hours before the scheduled hearing, the Petitioners **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing. If Respondents fail to provide the bond hearing within the timeframe outlined above, they **SHALL** release Petitioner.

6. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioners unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[1]

7. The Clerk of the Court is directed to transmit a copy of this order to the California City Detention Facility, terminate any pending motions/deadlines, enter judgment for Petitioners, and close this case.

IT IS SO ORDERED.

Dated:    July 2, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.

3